THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WASTE ACTION PROJECT,

        Plaintiff,

  v.

KLEEN INDUSTRIAL SERVICES INC.,
et al.,

        Defendants.

No. 3:25-cv-05236-BHS

CONSENT DECREE

## I.    STIPULATIONS

WHEREAS, Plaintiff Waste Action Project filed a complaint on March 19, 2025 (Dkt. 1) against defendants CanAm Minerals, Inc. and Kleen Industrial Services, Inc. ("Kleen Blast") alleging violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq.*, in relation to their abrasive materials processing facility located at or about 1448 St. Paul Ave., Tacoma, Washington 98421 (the "Kleen Blast Facility"), and any contiguous or adjacent properties owned or operated by Kleen Blast, and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

WHEREAS, Plaintiff Waste Action Project filed a complaint on July 2, 2025 (No. 3:25-cv-05581-BHS, Dkt. 1) against defendants CanAm Minerals, Inc., Kleen Industrial Sands, Inc., and

CONSENT DECREE
No. 3:25-cv-05236-BHS
1

Smith & Lowney PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Kleen Industrial Services, Inc. ("Tru-Grit") alleging violations of the Clean Water Act, 33. U.S.C. § 1251 *et seq.*, in relation to their abrasive materials processing facility located at or about 3701 Taylor Way, Tacoma, Washington 98421 (the "Tru-Grit Facility" and together with the Kleen Blast Facility, "the Facilities"), and any contiguous or adjacent properties owned or operated by Tru-Grit, and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

WHEREAS, *Waste Action Project v. Kleen Industrial Services, Inc. et al.*, No. 3:25-cv-05581, was consolidated under the earlier-filed *Waste Action Project v. Kleen Industrial Services, Inc. et al.*, No. 3:25-cv-05236-BHS, pursuant to this Court's November 10, 2025 order. Dkt. 20.

WHEREAS, Waste Action Project and CanAm Minerals, Inc., Kleen Industrial Services, Inc., and Kleen Industrial Sands, Inc. ("Defendants") (collectively, the "Parties") agree that settlement of these matters is in the best interest of the Parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

WHEREAS, the Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Waste Action Project's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this 3rd day of February, 2026.

| CANAM MINERALS, INC., KLEEN INDUSTRIAL SERVICES, INC., AND KLEEN INDUSTRIAL SANDS, INC. | WASTE ACTION PROJECT |
|---|---|
| By _____ | By _____ |
| Timothy Spurgeon | Greg Wingard |
| President | Executive Director |

CONSENT DECREE
No. 3:25-cv-05236-BHS
2

SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

## II.    ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the Parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1.    This Court has jurisdiction over the Parties and subject matter of this action.

2.    Each signatory for the Parties certifies for that Party that he or she is authorized to enter into the agreement set forth herein and to legally bind the Party or Parties, their successors in interest, and assigns.

3.    This Consent Decree applies to and binds the Parties and their successors and assigns.

4.    This Consent Decree and any injunctive relief ordered within applies to Defendants' operation and oversight of the Facilities.

5.    This Consent Decree is a full and complete settlement and release of all the claims in Waste Action Project's complaints and the preceding sixty-day notice letters, and all other claims known or unknown that exist as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facilities. Upon termination of this Consent Decree, these claims are released and dismissed with prejudice. Defendants' payment of attorney's fees and litigation costs set forth in Paragraph 11 of the Consent Decree will be in full and complete satisfaction of any claims Waste Action Project and Smith & Lowney, PLLC have or may have, either legal or equitable, known or unknown, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in relation to this lawsuit. Enforcement of this Consent Decree is Waste Action Project's exclusive remedy for any violation of its terms.

CONSENT DECREE
No. 3:25-cv-05236-BHS
3

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Waste Action Project in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of Defendants or their members, employees, agents, affiliates, contractors, customers, or other third parties. Defendants agree to the terms and conditions identified in Paragraphs 7–11 in full and complete satisfaction of all the claims covered by this Consent Decree:

7. Defendants will implement the following injunctive relief at both of the Facilities:

a. Upon entry of the Consent Decree, Defendants will adhere to the terms and conditions of the Industrial Stormwater General Permit ("ISGP"), as may be modified, renewed, and/or amended by the Washington State Department of Ecology ("Ecology").

b. Upon entry of the Consent Decree, Defendants will, on a quarterly basis, provide written reports to Waste Action Project that identify: (i) progress towards consent decree implementation, and (ii) copies of all correspondence to and from Ecology regarding ISGP compliance at the Facilities.

c. Within ninety (90) days of entry of the Consent Decree, Defendants will patch the locations at each facility where the pavement is badly rutted, cracked, and/or damaged, or otherwise replace sections of such damaged and cracked pavement, and repair any potholes, subject to the Port of Tacoma's approval at the Tru-Grit Facility. Prior to patching, repairing, and/or replacing the pavement, Defendants will vacuum sweep all paved areas weekly using their Sweepster VRS Pickup Broom.

CONSENT DECREE
No. 3:25-cv-05236-BHS
4

SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

    d. Within thirty (30) days of entry of the Consent Decree, Defendants will extend the spout of the bulk truck loading system at both Facilities to reach inside of the receiving truck container.

8. Defendants will implement the following injunctive relief at the Kleen Blast Facility:

    a. Within ninety (90) days of entry of the Consent Decree, Defendants will make the following adjustments to the stormwater treatment system:

        i. Lower the "on" float in the pump station by a minimum of one foot; and

        ii. Install a bypass float and alarm inside the pump vault at the invert elevation of the discharge pipe.

    b. Within ninety (90) days of entry of the Consent Decree, Defendants will re-grade, pave, and re-gravel portions of Drainage Area A-1 so that all stormwater runoff generated from the drainage area flows away from St. Paul Avenue and infiltrates on-site. Berms, speed bumps, and drainage swales will be constructed at the drainage area boundary that meet the following objectives: 1) prevents runoff from being discharged offsite even during large rain events; and 2) allows vehicles access to this part of the Facility from both the north and east. Prior to re-grading, Defendants will clean up all accumulated grit and fines in Drainage Area A-1. In Drainage Area A-1, Defendants will maintain surfaces, mitigate dust, and re-gravel as needed.

    c. Upon entry of the Consent Decree, Defendants will cease using Drainage Area A-

CONSENT DECREE
No. 3:25-cv-05236-BHS
5

6 for all industrial activity. Defendants will install signage emphasizing that Drainage Area A-6 is only to be used for employee parking.

d.  Within six (6) months of entry of the Consent Decree, Defendants will complete the improvements to the outdoor conveyor belt system identified in Exhibit 1 to this Consent Decree.

e.  Upon entry of the Consent Decree, Defendants will clean up all abrasive materials and grit which has been spilled and has accumulated in the railcar unloading area using either a vactor truck or shop vacuums. Until construction is completed on the indoor unloading system per paragraph 8(d) of this Consent Decree, Defendants will clean up grit in this area on a quarterly basis.

f.  Defendants will cease loading open top dump trucks using the current truck loading conveyor system by September 30, 2026.

g.  Upon entry of the Consent Decree, Defendants will hand sweep the truck loading area after each tanker truck is loaded.

h.  Within thirty (30) days of entry of the Consent Decree, Defendants will clean up the grit which has been spilled and has accumulated on paved and unpaved surfaces using either a vactor truck or shop vacuums.

i.  Within thirty (30) days of entry of the Consent Decree, Defendants will extend the rail car loading spout such that it extends fully into the awaiting railcar, preventing grit from escaping.

j.  Upon entry of the Consent Decree, Defendants will have an attendant present at all times during rail car and truck loading operations to ensure the loading spout

CONSENT DECREE
No. 3:25-cv-05236-BHS
6

SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

remains fully inside the tank car.

k.  Within ninety (90) days of entry of the Consent Decree, Defendants will pave over the unused rail lines in the rail spur area between the two buildings. Prior to paving, Defendants will clean the accumulated grit in this area using either a vactor truck or shop vacuum.

l.  After pavement repairs have been completed per paragraph 7(c) of this Consent Decree, Defendants will sweep all paved surfaces at the Kleen Blast Facility on a monthly basis using their Sweepster VRS Pickup Broom. Sweeping will include the sidewalk and gutter running along St. Paul Avenue adjacent to the Kleen Blast Facility.

m.  Upon entry of the Consent Decree, Defendants will immediately, but no later than the end of each business day, spot clean isolated sandblasting grit and abrasive materials spills and accumulations as they occur, including but not limited to using a shop vacuum with a HEPA filter.

n.  Except as otherwise provided below, within thirty (30) days of entry of the Consent Decree, Defendants will update the Stormwater Pollution Prevention Plan ("SWPPP") for the Kleen Blast Facility as follows:

    i.   Incorporate each BMP required by paragraphs 7(a)-(d) and 8(a)-(m) of this Consent Decree into the SWPPP within thirty (30) days of the date Defendants have agreed to implement the BMP;

    ii.  Update the SWPPP to be consistent with the 2025 ISGP;

    iii. Amend Section 3.1.2 of the SWPPP to reflect the current sweeping schedule

CONSENT DECREE
No. 3:25-cv-05236-BHS
7

and the addition of the Sweepster VRS mechanical sweeper;

iv. Update the site map to include potential areas of soil erosion and to identify all outfalls with a unique identifying number, including the new outfall in Drainage Area A-1, once established;

v. Update the Spill Prevention and Emergency Cleanup Plan in SWPPP Section 3.1.3 to address how sandblasting grit tote bags will be stored and handled to prevent spills; how accumulated stormwater in containment areas will be managed and disposed of; and update spill kit information to specify all materials included in the kit;

vi. Update Inspections and Recordkeeping BMPs in Section 3.1.5 so that monthly inspection reports include a determination as to whether unpermitted non-stormwater discharges are occurring;

vii. Update Section 3.1.5, under Illicit Discharges, to include measures to identify and eliminate the discharge of process wastewater, domestic wastewater, noncontact cooling water, and other illicit discharges and connections, if any, to stormwater conveyances, or to surface waters and groundwaters of the State;

viii. Update Section 3.2.1, BMPs for Dust Control at Manufacturing Areas, to provide a schedule for implementation and location of each BMP listed;

ix. Update Section 3.2.2, BMPs for Loading and Unloading Areas for Liquid or Solid Material, to include an Operations Plan that describes procedures for loading/unloading consistent with SWMMWW S412;

CONSENT DECREE
No. 3:25-cv-05236-BHS
8

SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

    x.    Ensure that the SWPPP is internally consistent as between Section 3.2.3 and the site map, as to which catch basins are covered;

    xi.    Update Section 3.2.6, BMPs for Roof/Building Drains at Manufacturing and Commercial Buildings, to specify what kind of roofing material is present at the site;

    xii.    Update to include BMPs from SWMMWW S407: BMPs for Dust Control at Disturbed Land Areas and Unpaved Roadways and Parking Lots as to Drainage Area A-1; and

    xiii.    Once construction is complete and unloading activities have been re-located to be under cover and inside in the storage building per paragraph 8(d) of this Consent Decree, add S447: BMPs for Roof Vents.

9. Defendants will implement the following injunctive relief at the Tru-Grit Facility:

  a.  Within ninety (90) days of entry of the Consent Decree, Defendants will make the following adjustments to the stormwater treatment system:

    i.    Maintain a spare sand filter pump at the Tru-Grit Facility at all times;

    ii.    Install heat tracing on all exposed piping components that remain filled with water between storm events and cover the exposed pipes with insulation;

    iii.    Add flow direction arrows on piping and labels on the treatment system tanks and equipment components that tie to the control panel inside the warehouse building at the Tru-Grit Facility;

    iv.    Subject to Port of Tacoma approval, plug the corrugated metal pipe entering the southwest wall of Catch Basin A.

CONSENT DECREE
No. 3:25-cv-05236-BHS
9

b. Upon entry of the Consent Decree, Defendants will begin monitoring stormwater discharges from roof downspouts on both the northwest and southeast sides of the Tru-Grit Facility in accordance with the general sampling requirements set forth in the 2025 ISGP, Section S4. Based on quarterly sampling results, if pollutants in this stormwater runoff are detected above the benchmark levels during the term of the Consent Decree, Defendants will, within sixty (60) days of receiving sampling results showing a benchmark exceedance, commence steps to divert half of the roof runoff to Drainage Area 1 for treatment, and the other half of the roof runoff through downspout treatment, to be conveyed to a gravel infiltration area to the southwest of the warehouse building. All such improvements to be completed within ninety (90) days of receipt of sampling results that indicate a benchmark exceedance.

c. Upon entry of the Consent Decree, Defendants will remove all equipment from the boundary line on the northwest edge of the Tru-Grit Facility. Once the equipment is removed, Defendants will sweep the common access road using a mechanical vacuum sweeper to remove all accumulated sandblasting grit.

d. Within sixty (60) days of entry of the Consent Decree, and subject to Port of Tacoma approval, Defendants will repair all gaps in the building's siding, replace broken and missing windows, and patch any holes in the exterior of the warehouse building.

e. Except as otherwise provided below, within thirty (30) days of entry of the Consent Decree, Defendants will update the SWPPP for the Tru-Grit Facility as follows:

    i.    Incorporate each BMP referenced in paragraphs 7(a)-(d) and 9(a)-(d) of this

CONSENT DECREE
No. 3:25-cv-05236-BHS
10

Consent Decree into the SWPPP within thirty (30) days of the date Defendants have agreed to implement the BMP;

ii. Update Section 3.1.2, Good Housekeeping and Preventive Maintenance BMPs, to specify which BMPs are implemented at the facility and how;

iii. Revise Section 3.1.3, Spill Prevention and Emergency Cleanup Plan, to include how spills of sandblasting grit will be addressed;

iv. Update Section 3.1.4, Employee Training Plan, to include Defendants' employee training plan, and update the Employee Training Plan to address contractor training;

v. Update the site map as follows:

    a. Label all drainage areas shown on the site map, including those which are not within the Tru-Grit Facility's ISGP coverage area;

    b. Clearly label all roof downspouts and where all roof downspouts drain to;

    c. Label locations of actual and potential pollutant sources;

    d. Indicate where vehicles are stored and parked onsite;

    e. Indicate where industrial activities are conducted onsite;

    f. Clearly label the dock and the path to access the dock through the Quigg Bros.' facility.

vi. Update Section 3.1.5, Inspections and Recordkeeping BMPs, to specify which BMPs from the SWMMWW are being implemented at the facility and how, and update to include a discussion of how Defendants will comply

CONSENT DECREE
No. 3:25-cv-05236-BHS
11

SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

with signature requirements and records retention requirements under ISGP Conditions S9 and G2;

vii.    Update Section 3.1.5, Inspections and Recordkeeping, to include a tracking or follow-up procedure to ensure that any appropriate actions are taken in response to visual observations made during monthly stormwater inspections;

viii.    Update Section 3.1.5 under the "Illicit Discharges/Connections" section to add measures to identify and eliminate the discharge of process wastewater, domestic wastewater, noncontact cooling water, and other illicit discharges and connections, if any, to stormwater conveyances, or to surface waters and groundwaters of the State;

ix.    Update Section 3.2.2.2, Structural Source Control BMPs for Loading and Unloading Areas for Liquid or Solid Material, to specify how often areas are swept;

x.    Update Section 3.2.6, BMPs for Roof/Building Drains at Manufacturing and Commercial Buildings, to specify what kind of roofing material is present at the site;

xi.    Update Section 3.2.8, BMPs for Storage or Transfer of Solid Raw Materials, Byproducts, and Finished Products, to state that no grit will be stored in outdoor stockpiles uncovered;

xii.    Update SWPPP to include S447 BMPs for Roof Vents; and

xiii.    Update Section 4.0, Stormwater Monitoring Plan, to identify all outfalls and

CONSENT DECREE
No. 3:25-cv-05236-BHS
12

SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

sampling points by their unique identifying numbers.

10.    Payment to Environmentally Beneficial Projects: Within thirty (30) days of entry of this Consent Decree, Defendants will pay $37,500 (THIRTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS) to the Rose Foundation for projects to address impairments to, and contribute to the improvement of, the water and/or sediment quality within the Commencement Bay watershed, as described in Exhibit 2 to this Consent Decree. The check will be made to the order of the Rose Foundation and delivered to: Rose Foundation, 201 4th Street, Suite 102, Oakland, CA 94607. Payment will include the following references in a cover letter or on the check: "Consent Decree, Waste Action Project v. Kleen Industrial Services, Inc. et al., W.D. Wash. No. 3:25-cv-05236-BHS." Defendants will send a copy of the checks and cover letters, if any, to Waste Action Project and its counsel, pursuant to the notice provisions in Paragraph 20.

11.    Within thirty (30) days of entry of this Consent Decree, Defendants will pay $142,000 (ONE HUNDRED FORTY-TWO THOUSAND DOLLARS) to cover Waste Acton Project's litigation fees, expenses, and costs (including reasonable attorneys and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Alyssa Koepfgen.

12.    A force majeure event is any event outside the reasonable control of Defendants that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that Defendants timely notify Waste Action Project of the event, the steps that Defendants will take to perform the task, the projected time that will be needed to complete the task, and the measures that

CONSENT DECREE
No. 3:25-cv-05236-BHS
13

SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

13.    Defendants will notify Waste Action Project of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after Defendants become aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a.    Acts of God, war, insurrection, or civil disturbance;

    b.    Earthquakes, landslides, fire, or floods;

    c.    Actions or inactions of third parties over which Defendants have no or limited control;

    d.    Restraint by court order or order of public authority; and

    e.    Strikes.

14.    This Court retains jurisdiction over this matter while this Consent Decree remains in force. While this Consent Decree remains in force, this case may be reopened without filing fees so that the Parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting will be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other Party and its counsel of record. If no resolution is reached at that meeting or within thirty

CONSENT DECREE
No. 3:25-cv-05236-BHS
14

Smith & Lowney PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

(30) days of the Notice, either Party may file a motion with this Court to resolve the dispute. In the event that the dispute is put before the Court for resolution, the prevailing or substantially prevailing party will be entitled to its reasonable attorneys' fees and litigation costs.

15.     The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("EPA"). Therefore, upon the filing of this Consent Decree by the parties, Waste Action Project will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

16.     This Consent Decree will take effect upon entry by this Court. The Consent Decree terminates four (4) years after the date of entry.

17.     Both Parties have participated in drafting this Consent Decree.

18.     This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both Parties and the approval of the Court.

19.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either Party. The Parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

20.     Notifications required by this Consent Decree must be provided via email. For a notice or other communication regarding this Consent Decree to be valid, it must be sent to the receiving Party at the one or more email addresses listed below or to any other address designated

CONSENT DECREE
No. 3:25-cv-05236-BHS
15

SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

by the receiving Party in a notice in accordance with this paragraph.

**If to Waste Action Project**:

Greg Wingard
Waste Action Project
gregWAP@earthlink.net

**And to**:

Alyssa Koepfgen
Evelyn Mailander
Smith & Lowney PLLC
alyssa@smithandlowney.com
evelyn@smithandlowney.com

**If to Defendants:**

Timothy Spurgeon
CanAm Minerals, Inc.
50 Oak Ct., Suite 210
Danville, CA  94526
tim@kleenblast.com

**And to:**

Gregory Jacoby
Lori Bemis
McGavick Graves PS
GAJ@mcgavick.com
LMB@mcgavick.com

Any party identified in the notice provisions above may affect a change in the notice address by providing a notice complying with these provisions to all other parties listed. A notice or other communication regarding this Consent Decree will be effective the day it is transmitted. An email is effective the day it is sent so long as it is sent by 5:00 PM and on a business day, or else it is effective the following business day.

CONSENT DECREE
No. 3:25-cv-05236-BHS
16

DATED this 27th day of March, 2026.

_____
BENJAMIN H. SETTLE
United States District Judge

Presented by:

McGAVICK GRAVES, PS

By */s/ Gregory A. Jacoby*
Gregory Jacoby, WSBA #18326
Lori M. Bemis, WSBA #32921
*Attorney for Kleen Industrial Services, Inc., Kleen Industrial Sands, Inc., and CanAm Minerals, Inc.*

SMITH & LOWNEY, PLLC

By: */s/Alyssa Koepfgen*
Alyssa Koepfgen, WSBA #46773
By: */s/Evelyn Mailander*
Evelyn Mailander, WSBA #62827
*Attorneys for Plaintiff Waste Action Project*

CONSENT DECREE
No. 3:25-cv-05236-BHS
17

SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883